IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| EDNA RAMOS-QUILES<br>Plaintiff<br>vs<br>CARMEN EDDA LUGO-RODRIGUEZ, individually and as former General Services Administration (GSA) Administrator;<br>JOSE A. RIVERA RODRIGUEZ, individually and as Administrator of the General Services Administration;<br>MARIA DE LOS ANGELES QUIÑONES, individually and as Auxiliary Administrator of the Operations Division of the GSA and the COMMONWEALTH OF PUERTO RICO<br>Defendants | CIVIL 05-2144CCC |

**O R D E R**

Having considered defendants' Motion to Dismiss filed on April 12, 2006 (**docket entry 8**), supplemented on April 20, 2006 (**docket entry 9**), and plaintiff's opposition filed on May 22, 2006 (**docket entry 13**), the Court RULES as follows:

(1) Pursuant to the pleading standard for an employment discrimination case established by the Supreme Court in <u>Swierkiewicz v. Sorema</u>, N.A., 122 S.Ct 992 (2002), the request for dismissal is DENIED as to all three individual defendants. However, defendant María de los Angeles Quiñones shall file a motion for more definite statement under Fed.R.Civ.P. Rule 12(e) within the term of fifteen (15) days after notice. Depending on the outcome of that motion, the Court will revisit the matter of dismissal regarding defendant Quiñones based on insufficiency of the pleadings.

(2) The action is DISMISSED as to defendant Commonwealth of Puerto Rico under the Eleventh Amendment of the U.S. Constitution. The Court notes that General Services Administration is not a defendant in this case.

(3) 42 U.S.C. §1985(3) - other than mentioning this statute in the jurisdictional allegations, plaintiff failed to allege facts regarding the components of this claim. The elements of a 1985(3)

CIVIL 05-2144CCC                              2

claim which a plaintiff must allege in the complaint were fully discussed in <u>Griffin v. Breckenrigde</u>, 91 S.Ct. 1790, 1798 (1971), and the components of the requirements of a cognizable class against which defendants invidiously discriminatory animus is addressed are clearly set forth in <u>Aulson v. Blanchard</u>, 83 F.3d 1 (1st Cir. 1996).

(4) Although the Ninth and Tenth Amendments of the U.S. Constitution are invoked in the jurisdictional statement of the complaint, there are no claims raised under these constitutional provisions. Accordingly, plaintiff has failed to state a claim under the Ninth and Tenth Amendments.

(5) There is a pro forma discussion by defendants regarding qualified immunity. The request for qualified immunity is DENIED since plaintiff has asserted constitutional violations of her First Amendment and Fourteenth Amendment rights and there is no issue that those rights were clearly established at the time of the facts alleged nor have defendants claimed that it was objectively reasonable for them to believe their actions did not violate plaintiff's constitutional rights, as alleged in the complaint. Rather, defendants made a conclusory statement that they are entitled to qualified immunity because there is no violation to plaintiff's constitutional rights. On the Fourteenth Amendment claim they make reference, without any supporting evidence, that she was given an informal hearing; as to her First Amendment claim, it was ignored in discussing qualified immunity.

Partial judgment will be entered accordingly.

SO ORDERED.

At San Juan, Puerto Rico, on January 19, 2007.

S/CARMEN CONSUELO CEREZO
United States District Judge